IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

03 MAR -6  PM 3: 32

RALPH L. DELOACH
CLERK
BY_____DEPUTY
AT KANSAS CITY, KS.

DOLORES ENGEL,

        Plaintiff,

      vs.

BOOKER T. LEEKS, SCOTT C. RASK,
JACKIE WILLIAMS, LINDA KRUEGER,
UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,

        Defendants.

No. 02-2226-CM

## PLAINTIFF'S AMENDED COMPLAINT

Comes now the plaintiff Dolores Engel, through her attorney Bret D. Landrith,

Esq. and submits this Plaintiff's Amended Complaint to include claims against the

Defendants for damages, injunctive relief and other relief as permitted by the court in its

ruling dated February 25th, 2003.

### NATURE OF THE CASE

1.    The Individual plaintiff brings this action to seek relief from the

defendants' illegal acts, which have resulted in loss of property and detriment to the

plaintiff's businesses.

2.    The plaintiff has been harmed by the defendants' conduct in furtherance of

a common enterprise to enforce a protection scheme in which taxpayer citizens and

business owners are intimidated and harassed for lawfully filing their own tax returns and

sharing written reference materials pertaining to lawfully filing tax returns without

purchasing the services of tax attorneys who have supported and made cash payments to

1

the political management of the defendants.

    3.     The plaintiff has been harmed by the defendants' conduct in furtherance of a common enterprise to retaliate against the plaintiff for her husband's speaking on behalf of the civil rights of others during a federal grand jury investigation that was being fraudulently manipulated by the defendant conspirators.

    4.     The defendants are retaliating against the plaintiff because her husband publicly stated that witnesses were authorized to be compensated for travel expenses by the government, which the conspirators had actively concealed. The defendants are retaliating against the plaintiff because her husband during his testimony to the grand jury, informed them they had the right to address their own questions to the witnesses before them, which the defendant conspirators had actively concealed from them and which once being revealed, the defendant conspirators overtly acted to prevent them from doing.

    5.     The defendants are retaliating against the plaintiff because her husband wrote letters describing the fraudulent manipulation of the federal grand jury proceedings to the US Attorney for Kansas, Jackie Williams and to his congressional representatives. The letters described how agents of the I.R.S. and employees of the U.S. Attorney's office attempted to obtain indictments against victims the Defendant conspirators had targeted in the misuse of their offices so that their protection scheme could be enforced through the mislead grand jury. The letters showed how the manipulation of the grand jury was conducted to avoid the direct fraud of prosecution on criminal informations created by the defendant conspirators.

    6.     The plaintiff's personal and business records, including tax returns were

taken from her prior to her husband's testimony before the federal grand jury and the defendant conspirators refused to return them for the purposes of targeting her and her husband for his speaking on behalf of the civil rights of other witnesses and informing the grand jury of their right to ask their own questions, in violation of federal and state laws. The defendant conspirators have a pattern and practice of taking records from their victims to prevent them from being able to defend themselves from harassing audits by defendant conspirator I.R.S. agents.

7.      Personal and business records were taken from the plaintiff's car in the driveway of her home while two of the defendant conspirators who did not identify themselves deposited part of the plaintiff's stolen personal and business records including tax returns on the plaintiff's front porch, against the objections of the plaintiff.

8.      The homes of two business associates of the plaintiff were burglarized by armed defendant conspirators in retaliation against the lawful assertion of civil rights including defending in court against false charges advocated by the plaintiff, without warrants or accompanying civil police authorities at night prior to their court appearances. During these burglaries, their homes were ransacked and a few small items of little value were taken to provide cover to conceal the purpose of the invasion and all tax returns and documentation was stolen to prevent the associates from effectively testifying about their tax filings.

9.      The plaintiff seeks relief because she continues to suffer as a result of defendants' illegal conduct against her while she investigated the basis for filing a civil complaint against the defendant conspirators for criminal felonies outside the scope of their office or authority in a conspiracy as a Racketeering Influenced Corrupt

3

Organization and for violations of her civil rights and their violations of provisions of the
Tax Code.

    10.    Moreover, the individual plaintiff brings this action because she believes
Defendants' conduct is violating the constitutional rights of other law abiding tax paying
citizens who have been threatened and prevented from seeking protection against the
defendants' abuse of office.

## DEFENDANTS

### The Individual Defendants

    11.    Defendant Booker T. Leeks identifies himself as Special Agent,
Department Of The Treasury, Internal Revenue Service and claims to have an office at
5799 Broadmoor, Suite 320, Mission, Kansas 66202. Defendant Booker T. Leeks
contacted Plaintiff Dolores and Ed Engel repeatedly by phone and letter claiming to have
Mr. Engel's personal and business documents including tax records that had been
obtained by the U.S. Attorney's office.

    12.    Defendant Linda Krueger, 4 Townsite Plaza, Suite 200, 120 SE 6th Ave.
Topeka, KS 66603-3513 claims to be an Internal Revenue Agent, Department Of The
Treasury, Internal Revenue Service and claims to have an office at 4 Townsite Plaza,
Suite 200, 120 SE 6th Ave. Topeka, KS 66603-. Defendant Linda Krueger contacted
Plaintiff Dolores and Ed Engel repeatedly by phone and letter claiming to seek to audit
the Plaintiff's 1999 tax return and inspect his home. Mr. Engel objected to the relevance
of an unwarranted search of his home to determine its partial business use during the
1999 year and stated his personal and business documents including tax records that had

4

been obtained and kept by the U.S. Attorney's office. Defendant Linda Krueger then caused what remained of the plaintiff's records to be returned by Defendant Leeks and now seeks to conduct an unwarranted search of the plaintiff's home on a false pretext for the purpose of opening more tax years of the plaintiff's filings to retaliatory harassment by the Internal Revenue Service.

13.     Defendant Scott C. Rask, identifies himself as Assistant U.S. Attorney, Department Of Justice, U.S. Attorney's Office and claims to have an office at 500 State Avenue, Suite 360, Kansas City, KS 66101. Defendant Scott C. Rask refused to return the plaintiff's personal and business documents including tax records that had been obtained by the U.S. Attorney's office for a U.S. Grand Jury proceeding. Defendant Scott C. Rask promised the plaintiff that the records would only be kept a day or two and that they could be picked up by the Plaintiff. Defendant Scott C. Rask refused to return the records to the Plaintiff as he had promised. Defendant Scott C. Rask refused to take a call from the Plaintiff or to return any of his communications.

14.     Defendant Mr. Jackie Williams, Esq. is the former U.S. Attorney for the State of Kansas and operated out of 1200 Epic Center, 301 N. Main St., Wichita, KS. 67202. Defendant Mr. Jackie Williams, Esq. held his office by political appointment and continues to be active in the political organization that sought to target small businesses and individuals who attempted to lawfully file their tax returns according to U.S. statutes without paying protection to members of the tax attorney's bar. Defendant Mr. Jackie Williams, Esq. while U.S. Attorney targeted Kansas business owners including the plaintiff Dolores Engel and her husband.

5

### The Defendant Entities

15.    Defendant U.S. Internal Revenue Service claims to be part of the U.S. Department Of The Treasury and has records filed by Dolores and Ed Engel as income tax returns to which it has a statutory duty to protect from unauthorized viewing by Internal Revenue Service employees. Defendant employees of the I.R.S. were in possession of Plaintiff Dolores and Ed Engel's personal and business documents including tax records without his authorization. Defendant employees of the I.R.S. were attempting to search the home of plaintiff Dolores and Ed Engel without a warrant and attempting to conduct an audit of his same personal and business documents including tax records after they attempted to replace them in his home to repair their improper acquisition of them that violated the plaintiff's constitutionally protected rights against search and seizure under the Fourth and Fifth Amendment to the U.S. Constitution and to deny the Plaintiff his due process rights.

16.    The defendant the United States Government has given leave for the plaintiff to investigate the theft of federal funds and the misuse of federal resources and to bring suit against the United States Government for the misconduct of its officers within the scope of their employment. The defendant the United States Government received notice of the misconduct and wrong doing of the defendant conspirators through letters written to the office of the US Attorney for Kansas and to the plaintiff's congressional representatives.

### STATEMENT OF FACTS

17.    On March 21, 2002, defendant and Internal Revenue Agent LINDA KRUEGER, an agent assigned to conduct independent examinations of income tax

6

returns of individuals and business taxpayers, mailed an appointment letter to Edward

and Dolores Engel informing them of the scheduling of an appointment to meet with

them on April 10, 2002, at the Engel's house to audit their 1999 federal income tax return.

18.     On March 28, 2002, Edward Engel came to the walk-in counter of the

INTERNAL REVENUE SERVICE at 120 SE 6th Avenue, Topeka, Kansas and asked to

speak with LINDA KRUEGER. Upon greeting her, Mr. Engel indicated that he and Mrs.

Engel would like to cooperate with the IRS's request for an appointment but would not be

able to do so because they did not have the records. He briefly explained to LINDA

KRUEGER that he had been subpoenaed in 2001 by the Grand Jury reviewing the matter

of Renaissance and that the government at that time had retained his records. The

appointment was cancelled, and LINDA KRUEGER has had no further contact with the

Engels. The Topeka office of the INTERNAL REVENUE SERVICE then attempted to

have another agent contact Dolores Engel and audit her on the same basis of the reporting

of employee benefits in schedule C of her income tax return. The agent agreed to check if

Dolores Engel had been legitimately selected for audit from the IRS's automated

enforcement system or merely forwarded to him by the Topeka IRS office manager based

on revenue agents browsing of the Engel's tax records and returns. The agent did not

respond as he agreed. Later the Topeka office manager audited Dolores Engel's tax return

in her absence and assessed her additional taxes to be paid.

19.     Defendant BOOKER T. LEEKS is a Special Agent with Criminal

Investigation of the INTERNAL REVENUE SERVICE. His job duties include planning

and conducting investigations of income tax evasion, failing to file tax returns, money

laundering violations and structured currency schemes. He also assists the United States

Attorney's Office during the preparation of cases for trial, which includes preparation of
cases to present for federal Grand Jury investigations.

20.     BOOKER T. LEEKS assisted the United States Attorney's Office for the
District of Kansas in The Tax People, Inc. investigation of Renaissance of Topeka,
Kansas.  Renaissance was a multi-level marking corporation that promoted the sale of a
membership kit that instructed members on creating and documenting expenses of a
home-based business.  The Defendants believed the majority of these expenses were the
result of the conversion of personal expenses into deductible business expenses.   Mr.
Edward Engel and his wife, the plaintiff Dolores Engel were members of the Renaissance
organization.

21.     Mr. Engel was sent a letter on November 15, 2000, requesting that he
attend a meeting with BOOKER T. LEEKS to discuss Mr. Engel's membership in the
Renaissance organization.  Mr. Engel was then served with a subpoena to appear before a
Grand Jury on January 31, 2001, to testify and to produce his personal records.

22.     Mr. Engel did appear before the Grand Jury and testified.  He also
produced four boxes of records. Mr. Engel was told by US Attorneys that he may be
indicted by the Grand Jury and later prosecuted. After he testified, The plaintiff's
husband was asked to loan their records to SCOTT C. RASK who promised to return
them shortly after photocopying them. The plaintiff's husband consented and then
returned to pick up his records. SCOTT C. RASK and JACKIE WILLIAMS repeatedly
refused to return the plaintiff's records. He wrote letters and made phone calls over the
next year seeking their return, but the US Attorney's office would not respond.

23.     The records Mr. Engel produced were taken from the United States Attorney's Office to the Internal Revenue Service office located at 5799 Broadmoor, Mission, Kansas and were kept in a secure room. A revenue agent reviewed the four boxes of records.

24.     LINDA KRUEGER called BOOKER T. LEEKS after her meeting with Mr. Engel on March 28, 2002, and asked if she could have access to the records. BOOKER T. LEEKS told Agent Krueger that he could not give her access to the records but would seek approval from the United States Attorney's Office to return Mr. Engel's records if they were no longer needed. Defendant Assistant United States Attorney SCOTT C. RASK, the prosecutor assigned to the case, gave BOOKER T. LEEKS permission to return the records to Mr. Engel.

25.     In an effort to return the records, BOOKER T. LEEKS telephoned the Engel's residence in early April of 2002 and spoke with a person that stated Mr. Engel would not return home until late that evening. BOOKER T. LEEKS left his name and telephone number for Mr. Engel to return his call, but Mr. Engel did not return his call. BOOKER T. LEEKS then sent Mr. Engel a letter on April 10, 2002, requesting that he contact BOOKER T. LEEKS to make arrangements for the return of his records. Mr. Engel did not respond to the letter.

26.     On May 13, 2002, BOOKER T. LEEKS and Laurence Schmidt returned four boxes of Mr. Engel's records to him at his residence. The agents arrived at Mr. Engel's residence at approximately 10:45 a.m. BOOKER T. LEEKS rang the doorbell at the front door. Mr. Engel came to the door and Agent Leeks advised Mr. Engel that they were returning his records on behalf of the United States Attorney's Office. Mr. Engel

9

stated: "I don't want them. You probably tampered with them or something." BOOKER
T. LEEKS advised Mr. Engel that they were returning the records as they were received.
BOOKER T. LEEKS further advised that the records consisted of four boxes containing
1995 through 1998 receipts and other documents relating to his income tax returns. Mr.
Engel again stated that he did not want the records, but then told the agents to place the
records on his porch next to his front door. After placing the records on the front porch,
the agents returned to their government car and left. Agent Leeks had no other contacts
with Mr. Engel.

### JURISDICTIONAL STATEMENT

27.     The plaintiff asserts jurisdiction over BOOKER T. LEEKS, SCOTT C.
RASK, JACKIE WILLIAMS, and LINDA KRUEGER under 42 U.S.C. §§ 1983, 1985,
1986, 1988; 28 U.S.C. § 1331, and 28 U.S.C. §1367. The plaintiff also asserts jurisdiction
over the above named individuals under 18 U.S.C. §1965.

28.     The plaintiff asserts jurisdiction over BOOKER T. LEEKS, SCOTT C.
RASK, JACKIE WILLIAMS, LINDA KRUEGER and UNITED STATES OF
AMERICA and INTERNAL REVENUE SERVICE under 26 U.S.C. § 7431.

### CAUSES OF ACTION

**COUNT I.CLAIM OF PLAINTIFF AGAINST BOOKER T. LEEKS LINDA
KRUEGER FOR VIOLATIONS OF SECTION 1203 OF THE RESTRUCTURING
AND REFORM ACT OF 1998**

29.     Paragraphs 1 through 28 are incorporated herein by this reference the
same as if fully set out herein.

30.     The Plaintiff suffered violations of her constitutional rights and injury to her business and personal property in violation of 42 USC §§1983, 1985, 1986 and state laws against conversion of property.

31.     The defendants knew, or reasonably should have known that their actions would violate the plaintiff's constitutional rights, or the defendants took the action with the malicious intention to cause a deprivation of constitutional rights or other injury.

32.     The Plaintiff seeks relief against BOOKER T. LEEKS and LINDA KRUEGER, IRS employees due to their violations of the Internal Revenue Code, specifically as it was modified by The Restructuring and Reform Act of 1998 under section 1203 to prohibit the above stated conduct.

**COUNT II. *BIVENS* CLAIM OF PLAINTIFF AGAINST BOOKER T. LEEKS, SCOTT C. RASK, JACKIE WILLIAMS, LINDA KRUEGER FOR VIOLATIONS OF HER FIRST, FOURTH AND FIFTH AMENDMENT RIGHTS**

33.     Paragraphs 1 through 32 are incorporated herein by this reference the same as if fully set out herein.

34.     The plaintiff's First, Fourth and Fifth Amendment rights were violated by the defendants BOOKER T. LEEKS, SCOTT C. RASK, JACKIE WILLIAMS, LINDA KRUEGER.

35.     The defendants knew, or reasonably should have known that their actions would violate the plaintiff's constitutional rights, or the defendants took the action with the malicious intention to cause a deprivation of constitutional rights or other injury.

36.     The defendants BOOKER T. LEEKS, SCOTT C. RASK, JACKIE WILLIAMS, LINDA KRUEGER violated the plaintiff's First Amendment rights by

11

targeting her business and associates to harm their freedom of association to conduct lawful enterprise. The defendants did not use administrative agencies and processes to investigate and determine the presence of wrong doing but instead used armed force and seizures to intimidate the plaintiff's business associates.

37.     The defendants BOOKER T. LEEKS, SCOTT C. RASK, JACKIE WILLIAMS, LINDA KRUEGER violated the plaintiff's Fourth Amendment rights by seizing the plaintiff's personal business records of a sole proprietorship and unreasonably keeping them for over a year while they searched them. The defendants did this even though they had promised to return them shortly and the plaintiff repeatedly requested their return and it was evident that they were required to manage the plaintiff's business.

38.     The defendants violated the plaintiff's Fourth Amendment rights by failing to return the records after the Grand Jury was no longer impaneled.

39.     The defendants BOOKER T. LEEKS, SCOTT C. RASK, JACKIE WILLIAMS, LINDA KRUEGER violated the plaintiff's Fourth Amendment rights by attempting to conduct an unreasonable search of the plaintiff's home on the pretext of its use three years earlier according to a tax return for a now defunct home based jewelry business. The search had no warrant and its false purpose to examine records was on its face invalid since the IRS was already in possession of the records.

40.     The defendants BOOKER T. LEEKS, SCOTT C. RASK, JACKIE WILLIAMS, LINDA KRUEGER violated the plaintiff's Fifth Amendment rights by compelling her personal business records of a sole proprietorship to be produced in a subpoena of her husband. The records were seized and not returned until it was

12

opportunistic for the government to have them in the plaintiff's possession to prosecute her on their contents.

41.     The defendants violated the plaintiff's Fifth Amendment rights by using the subpoena of the plaintiff's records in "bad faith" for the improper purpose of gathering evidence needed for prosecution of the plaintiff after referral to the Department of Justice.

42.     Alternatively, the defendants violated the plaintiffs Fifth Amendment rights by helping the INTERNAL REVENUE SERVICE in a scheme to withhold referral to the Justice Department to allow for the gathering of additional evidence through the grand jury, needed for a successful criminal prosecution, when the Service had already made an institutional commitment to prosecute the plaintiff.

**COUNT III. CLAIM OF PLAINTIFF AGAINST UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, BOOKER T. LEEKS, SCOTT C. RASK, JACKIE WILLIAMS, AND LINDA KRUEGER FOR VIOLATIONS OF 26 U.S.C. § 7431**

43.     Paragraphs 1 through 42 are incorporated herein by this reference the same as if fully set out herein.

44.     The plaintiff did not authorize SCOTT RASK or the US Attorney's office to disclose her tax return information contained in the business records.

45.     The plaintiff did not authorize Internal Revenue Service agents to possess or inspect her tax returns and the business records supporting those returns.

46.     SCOTT C. RASK and JACKIE WILLIAMS with knowing and intentional conduct turned the plaintiff's personal business records of a sole proprietorship, containing individual tax returns over to the Internal Revenue Service, including BOOKER T. LEEKS and allowed the records to be taken to the Internal Revenue

Service, where they were browsed by revenue agents and withheld from the plaintiff an

not returned at her repeated request.

47.    The plaintiff's records were disclosed to a racketeering enterprise using

the information to cause the plaintiff and her business associates to be extorted by the

conspirators for the way legitimate business expenses were reported on tax returns.

**COUNT IV. CLAIM OF PLAINTIFF AGAINST BOOKER T. LEEKS, SCOTT C. RASK, JACKIE WILLIAMS, AND LINDA KRUEGER FOR VIOLATIONS OF FEDERAL RACKETEER INFLUENCED CORRUPT ORGANIZATION STATUTES 18 U.S.C. §§ 1961, 1962, AND 1964.**

48.    Paragraphs 1 through 47 are incorporated herein by this reference the

same as if fully set out herein.

49.    Thomas W. Steelman Sr. receives benefits from the INTERNAL

REVENUE SERVICE and has received salary and other cash payments. Thomas W.

Steelman Sr. received consideration and other benefits from JACKIE WILLIAMS for

helping to cast Renaissance in the light of an illegitimate enterprise. To date, actions

against Renaissance's property and accounts have been based solely on evidence

manufactured by Thomas W. Steelman Sr. in concert with INTERNAL REVENUE

SERVICE agents.

50.    Thomas W. Steelman Sr. obtained information about Mike Cooper, the

founder of Renaissance from the INTERNAL REVENUE SERVICE and the US

Department of Justice before he was introduced to Mr. Cooper and suggested Mr. Cooper

use Renaissance to market self help tax guides.

51.    The INTERNAL REVENUE SERVICE gave Thomas W. Steelman Sr.

information about the agency's current audit software, specifically what entries on

individual tax returns to make in order to cause the returns to be red flagged for audits.

52.     JACKIE WILLIAMS and persons in the INTERNAL REVENUE
SERVICE direct Thomas W. Steelman Sr. in providing information to prosecute
Renaissance, its founders and associates.

53.     The plaintiff suffered injury to her business as the result of an enterprise
conducted by Thomas W. Steelman Sr., BOOKER T. LEEKS, SCOTT C. RASK,
JACKIE WILLIAMS, AND LINDA KRUEGER.

54.     The enterprise committed two or more predicate acts against the plaintiff,
including wire and mail fraud when Thomas W. Steelman Sr., under the control and
direction of the defendant's enterprise, after contracting to accurately prepare the
plaintiff's tax return, knowingly listed the plaintiff's legitimate labor outlays falsely as
employee benefits instead of wages on form C of the plaintiff's tax return with the intent
of having her tax return red flagged by the INTERNAL REVENUE SERVICE audit
software. Wire and mail communications were used by the enterprise to commit this act.

55.     The enterprise through their control and direction of Thomas W. Steelman
Sr. caused hundreds of other business associates of the plaintiff and her husband to have
tax returns falsely filled out so that legitimate business expenses would be placed in
incorrect blanks on form C where the return would be selected for audit and INTERNAL
REVENUE SERVICE AGENTS, including LINDA KRUEGER would then contact the
plaintiff and her business associates to attempt to conduct an audit in their homes or in
local IRS offices.

56.     The defendants are conspirators and the conspiracy committed repeated
acts conducting a pattern of racketeering activity designed to use the INTERNAL
REVENUE SERVICE, a federal grand jury and the office of the US Attorney as

15

unwitting instruments of extortion and racketeering in furtherance of a common enterprise.

57.    This conduct by the enterprise had the intended effect of causing the plaintiff and her business associates to be put in fear and harmed the plaintiff's legitimate business of multilevel marketing of self-help tax preparation materials. The plaintiff's business, personal life, and her family life was injured by the enterprise.

### STATEMENT OF DAMAGES

58.    Paragraphs 1 through 57 are incorporated herein by this reference the same as if fully set out herein.

59.    The plaintiff seeks damages for the loss to her business, the loss of use and enjoyment of her personal property, intentional infliction of emotional distress, pain and suffering and statutory provided compensatory damages.

60.    The plaintiff seeks injunctive relief from the named individual defendants to prevent further violations of her constitutional rights and to prevent unauthorized inspections or disclosures of her tax return information and supporting records in violation of 26 U.S.C. 7431.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against all defendants for actual damages in excess of $75,000.00; injunctive relief as indicated; costs, including all appropriate attorney's fees, expert fees and expenses allowed; and for such other and further relief as the Court may deem appropriate in law and equity.

Respectfully submitted,

Bret D. Landrith

16

Kansas Supreme Court # 20380

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I caused a true and correct copy of the foregoing to be deposited in the U.S. Attorney's office, via hand delivery, on this 6th day of March, 2003 addressed to:

Christopher Allman
Kansas Supreme Court No. 14225
Assistant United States Attorney
500 State Avenue
Suite 360
Kansas City, Kansas 66101-2433

Bret D. Landrith
Kansas Supreme Court # 20380
Attorney for Plaintiff Dolores Engel
605 W. Kansas
Pittsburg, KS 66762
1.620.231-7636
Fax 1-734-549-6495

17