IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOLORES ENGEL,

        Plaintiff,

    v.                                 Civil No.  02-2226-CM

BOOKER T. LEEKS, SCOTT C. RASK,
JACKIE WILLIAMS, LINDA KRUEGER,
UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,

        Defendants.

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

The defendants, by and through Eric F. Melgren, United States Attorney for the District

of Kansas, and David Zimmerman, Assistant United States Attorney, respectfully move the

Court pursuant to Federal Rule of Civil Procedure 12(b) to dismiss Plaintiff's Amended

Complaint (Doc. 22).  In support of this motion, defendants submit the following memorandum.

### SUMMARY OF THE CASE

Plaintiff, the wife of the former plaintiff in this case,[1] brings suit against the United States

of America, the Internal Revenue Service ("IRS"), IRS Special Agent Booker T. Leeks, IRS

Revenue Agent Linda Krueger, Assistant United States Attorney Scott Rask, and former United

States Attorney Jackie Williams.  Plaintiff's Amended Complaint alleges the following four

counts:

---

[1]  Regrettably, the plaintiff's husband is now deceased.

1

Count I alleges that Mr. Leeks and Ms. Krueger violated section 1203 of the Internal Revenue Service Restructuring and Reform Act of 1998, which authorizes the Commissioner of Internal Revenue to terminate the employment of, or, in the Commissioner's discretion, take other personnel action against an IRS employee who has been found by administrative or judicial determination to have committed an illegal act or omission listed in the statute.  The complaint alleges that plaintiff suffered violations of 42 U.S.C. §§ 1983, 1985, and 1986, and state laws against conversion of property, but does not allege that either named defendant actually committed any of those offenses, and does not allege that either named defendant has been found to have been adjudged to have committed any of those offenses.

Count II alleges a <u>Bivens</u> claim[2] against Mr. Leeks, Mr. Rask, Mr. Williams, and Ms. Krueger (collectively the "individual defendants") for violations of plaintiff's First Amendment rights by allegedly targeting plaintiff's business and her business associates by using armed force and seizures to intimidate plaintiff's business associates; alleged violations of plaintiff's Fourth Amendment rights by seizing plaintiff's business records pursuant to a grand jury subpoena, holding the business records beyond the term for which the grand jury was impaneled, attempting to search plaintiff's residence without a warrant, and using a subpoena to gather evidence to prosecute plaintiff; and alleged violations of plaintiff's Fifth Amendment rights. Amended Compl. at ¶¶ 33-42.

Count III alleges that all of the defendants violated 26 U.S.C. § 7431 by improperly disclosing or inspecting her tax returns and the supporting business records.

---

[2]  <u>See</u> <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

Count IV alleges that Mr. Leeks, Mr. Rask, Mr. Williams, and Ms. Krueger violated the Racketeer Influenced and Corrupt Organizations Act, Pub. L. 91-452, Title IX, 84 Stat. 941, (codified at 18 U.S.C. §§ 1961-68 and subsequently amended) ("RICO"), when Mr. Thomas W. Steelman, Sr., allegedly agreed to work for the IRS and Mr. Williams in order to cast Renaissance, "a multi-level marketing company that promoted the sale of a membership kit that instructed members on creating and documenting expenses of a home-based business" in a bad light. Amended Compl. at ¶ 20. Plaintiff alleges that Mr. Steelman committed mail and wire fraud while making false statements on plaintiff's tax return, but provides no details about the allegations of fraud, and provides no explanation of how the fraudulent actions were attributable to any named defendant.

## DISCUSSION

The Court can dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim if relief cannot be granted under any set of facts consistent with the allegations in the complaint that could be proved. National Org. For Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the allegations of the complaint as true and construes them in a manner favorable to the non-moving party. Robbins v. Wilkie, 300 F.3d 1208, 1209-10 (10th Cir. 2002). However, the Court is not required to accept conclusory allegations, unwarranted inferences, or legal conclusions in a complaint. Dry v. United States, 235 F.3d 1249, 1255 (10th Cir. 2000). Thus, the Court does not defer to allegations in the complaint that constitute legal questions, because those issues are within the purview of the Court. See id. at 1257.

3

**I.    Plaintiff Fails To State A Claim Pursuant To Section 1203 Of The Internal Revenue Service Restructuring And Reform Act Of 1998**

Count I of plaintiff's complaint alleges that plaintiff is entitled to relief against Mr. Leeks and Ms. Krueger pursuant to Section 1203 of the Internal Revenue Service Restructuring And Reform Act Of 1998, Pub. L. No. 105-206, 112 Stat. 685 (1998) (now codified as a note to 26 U.S.C. § 7804).  Amended Complaint, Count I, ¶¶ 29-32.[3]  Section 1203 states, in pertinent part, that:

> (a)  IN GENERAL.–Subject to subsection (c), the Commissioner of Internal Revenue shall terminate the employment of any employee of the Internal Revenue Service if there is a final administrative or judicial determination that such employee committed any act or omission described under subsection (b) in the performance of the employee's official duties.

Subsection (b) lists a number of offenses, including wilful failure to obtain authorization to seize taxpayer assets, violation of a taxpayer's civil rights, harassing a taxpayer, and threatening to audit a taxpayer for personal gain.  Subsection (c), to which subsection (a) is expressly made subject, states that the "Commissioner of Internal Revenue may take a personnel action other than terminate for an act or omission under subsection (a)," and that the discretion to take such other action "shall be at the sole discretion of the Commissioner."

Furthermore, subsection (c) expressly precludes judicial review of actions taken (or not taken) pursuant to section 1203, and commits agency action to the Commissioner's discretion as a matter of law, stating in subsection (c)(3) that:  "Any determination of the Commissioner of

---

[3]  Plaintiff does not allege that the IRS, United States, Mr. Rask, or Mr. Williams is a defendant with respect to Count I.

4

Internal Revenue under this subsection may not be appealed in any administrative or judicial proceeding."

Plaintiff fails to state a claim upon which relief can be granted because she has not alleged facts necessary to bring any of the defendants within the scope of the statute.  The complaint fails to allege a cause of action pursuant to section 1203 because it does not allege that "there is a final administrative or judicial determination that such employee committed any act or omission described under subsection (b)."  Indeed, plaintiff fails to allege the existence of a final administrative or judicial determination with respect to Mr. Leeks or Ms. Krueger of any kind. Accordingly, an essential element of any action pursuant to section 1203 has not been alleged, and plaintiff has failed to state a claim upon which relief can be afforded.  Therefore, the Court should dismiss Count I of plaintiff's complaint, pursuant to Rule 12(b)(6).

Plaintiff also fails to state a claim upon which relief may be granted because section 1203 does not provide a private cause of action.  Valladares v. Internal Revenue Service, No. CV-F-00-4041-AWI/SMS, 2001 WL 670629, at *7 (E.D. Cal. May 2, 2001).  A review of the statute underscores the fact that the consequence of the statute, if the requisite showing is met, could be adverse personnel action to be taken against the IRS employee at issue.  The statute does not provide a remedy for any third party.  Therefore, even assuming for argument's sake that plaintiff could demonstrate that the requirements of section 1203 were met, a premise which defendants dispute, there is no allegation of or indication that the prescribed execution of the statute, i.e. termination of either Mr. Leeks or Ms. Krueger subject to the discretion of the Commissioner, could provide any remedy or benefit to plaintiff.  Accordingly, the Court should dismiss this count for failure to state a claim upon which a relief can be granted.  Fed. R. Civ. P. 12(b)(6).

Count I should also be dismissed because the Court lacks jurisdiction.  Plaintiff lacks standing to pursue the claim because section 1203 does not provide plaintiff a remedy.  See Valladares, 2001 WL 670629, at *7.  Plaintiff has the burden "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute."  FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) (quoting Warth v. Seldin, 422 U.S. 490, 518 (1975)).  When a plaintiff fails to make the necessary allegations that plaintiff is a proper party to obtain judicial resolution, plaintiff lacks standing, and, consequently, the Court lacks jurisdiction.  See FW/PBS, 493 U.S. at 230-31.  In this case, plaintiff cannot, as a matter of law, demonstrate that she, as a private citizen, is a proper party to enforce section 1203 which authorizes action by the Commissioner of Internal Revenue.  Accordingly, Count I of plaintiff's complaint should be dismissed.

Count I of plaintiff's complaint should also be dismissed for lack of subject matter jurisdiction because section 1203(c) specifically bars judicial review of any decision made pursuant to the Commissioner's discretion to act under section 1203.  Section 1203(c) expressly affords the Commissioner broad discretion to "take a personnel action other than termination for an act or omission under subsection (a)."  Thus, even satisfaction of the elements of section 1203(a) does not require the Commissioner to terminate the IRS employee.

The full breadth of discretion afforded to the Commissioner by Congress is demonstrated in subsection 1203(c)(3), which states:  "(3)  NO APPEAL.--Any determination of the Commissioner of Internal Revenue under this subsection may not be appealed in any administrative or judicial proceeding."  Because Congress has removed from judicial review the Commissioner's decision to terminate or not to terminate an IRS employee once the elements of

subsection (a) have been met, the Court lacks jurisdiction over the subject matter of plaintiff's claim.

It might be argued that the Administrative Procedures Act, 5 U.S.C. § 701, et seq., "confers a general cause of action upon persons 'adversely affected or aggrieved by agency action within the meaning of a relevant statute,' 5 U.S.C. § 702." Block v. Community Nutrition Institute, 467 U.S. § 340, 345 (1984).  However, the APA "withdraws that cause of action to the extent the relevant statute 'preclude[s] judicial review,' 5 U.S.C. § 701(a)(1)." Id.  As noted above, the express language of section 1203(c)(3) precludes judicial review.  Although there are other factors in addition to the express language of the statute that are typically considered in determining whether a statute precludes judicial review, see id. (outlining the statute's express language, structure, objectives, and legislative history, and the nature of the administrative action involved as factors), the fact that the statute does not even provide for a private cause of action in the first place, see Valladares, 2001 WL 670629, at *7, conclusively demonstrates that the Court has no jurisdiction over the plaintiff's allegations in this case.  Count I of plaintiff's complaint should, therefore, be dismissed.

## II.    **Alleged Bill Of Rights Violations In Count II Should Be Dismissed**

In Count II, plaintiff alleges that the individual defendants committed numerous constitutional violations.  Amended Compl. ¶¶ 33-42.  Plaintiff purports to bring these as Bivens claims.

The Court should dismiss Count II in its entirety because the complaint alleges that the individual defendants were "acting within the scope of their employment." See Amended Compl. at ¶ 16.  However, "Bivens suits only can be brought against federal officers in their

individual capacities.  The absence of any 'individual capacity' defendant sounds the death knell for any purported <u>Bivens</u> claim." <u>Tapia-Tapia v. Potter</u>, 322 F.3d 742, 746 (1st Cir. 2003). "There is no such animal as a <u>Bivens</u> suit against a public official tortfeasor in his or her official capacity.  Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States." <u>Farmer v. Perrill</u>, 275 F.3d 958, 963 (10th Cir. 2001); <u>see also</u> <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985) (suit against IRS employees in their official capacity is essentially suit against United States).

Furthermore, "the United States and its employees, sued in their official capacities, are immune from suit, unless sovereign immunity has been waived." <u>Atkinson v. O'Neill</u>, 867 F.2d 589, 590 (10th Cir. 1989).  The United States has not, however, waived its immunity with respect to constitutional torts.  <u>Pereira v. United States Postal Service</u>, 964 F.2d 873, 876 (9th Cir. 1992).  "Therefore, federal district courts have no jurisdiction over the United States where claims allege constitutional torts." <u>Id.</u>  Accordingly, because plaintiff's complaint pursues claims against the individual defendants for alleged actions within the scope of their employment, the Court should dismiss plaintiff's <u>Bivens</u> claims alleged in Count II.  <u>See id.</u> at 877; <u>see also</u> <u>Gilbert</u>, 756 F.2d at 1458.

Plaintiff's <u>Bivens</u> claims should also be dismissed because the individual defendants are protected by qualified immunity.  "Qualified immunity is designed to shield public officials from liability and ensure 'that erroneous suits do not even go to trial.'  Thus, the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" <u>Albright v. Rodriguez</u>, 51 F.3d 1531, 1534 (10th Cir. 1995) (citations omitted).

After a defendant pleads qualified immunity "the plaintiff initially bears a heavy two-part burden" to demonstrate (1) that the defendant's actions constituted a constitutional or statutory violation, and (2) that the constitutional or statutory rights that the defendant allegedly violated were "clearly established at the time of the conduct at issue."  Id.  To carry her burden, "the plaintiff must do more than identify in the abstract a clearly established right and allege that the defendant has violated it.  Rather the plaintiff must articulate the clearly established constitutional right and the defendant's conduct which violated the right with specificity and demonstrate a substantial correspondence between the conduct in question and prior law . . . establishing that the defendant's actions were clearly prohibited."  Romero v. Fay, 45 F.3d 1472, 1475 (10th Cir. 1995).

The invocation of qualified immunity does not impose a heightened pleading requirement upon plaintiff to survive a motion to dismiss.  See Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001); Currier v. Doran, 242 F.3d 905 (10th Cir. 2001).  Nevertheless, "[o]nce a defendant raises the defense of qualified immunity in the context of a motion to dismiss, a court must first determine whether the plaintiff has asserted a violation of federal law."  Currier, 242 F.3d at 917.  If this requirement is satisfied, then "plaintiff must demonstrate to the court that the law on which the plaintiff relies was clearly established at the time of the defendants' actions."  Id. at 923.  Plaintiff's Bivens claims fail to demonstrate that the alleged acts constitute justiciable constitutional violations.

Plaintiff alleges that the individual defendants violated her First Amendment rights by targeting her business and her business associates and used "armed force and seizures to intimidate the plaintiff's business associates."  Amended Compl. at 36.  However, plaintiff's

9

complaint does not allege that any of the individual defendants used armed force or conducted warrantless seizures with respect to plaintiff.  Instead, the complaint alleges that the persons who allegedly took records from plaintiff's car were <u>unnamed individuals</u>, persons other than the "defendant conspirators" who were allegedly returning business documents to the plaintiff at the time.  Amended Compl. at ¶ 7.  The complaint also alleges that unnamed "defendant conspirators burglarized the homes of persons <u>other than</u> plaintiff.  <u>See</u> Amended Compl. at ¶ 8.  Finally, the complaint alleges that plaintiff's husband produced business records pursuant to a grand jury subpoena and then voluntarily left the documents with the U.S. Attorney's Office.  <u>See</u> Amended Compl. at ¶¶ 21-22.

In order to state a <u>prima facie</u> claim under the First Amendment, plaintiff must allege wrongful conduct on the part of the defendant and that the alleged wrongful conduct had a chilling effect upon plaintiff's associational rights.  <u>See</u> <u>Eaton v. Meneley</u>, 180 F. Supp. 2d 1247, 1251-52.  As noted above, plaintiff does not allege that any of the defendants used "armed force," and plaintiff alleges that the documents obtained by the defendants were obtained by subpoena and subsequent permission to hold and photocopy the documents.  Accordingly, plaintiff does not properly allege actions that constitute wrongful conduct of the defendants.

Additionally, even assuming (though only for argument's sake) that the complaint presents a <u>prima facie</u> allegation that her First Amendment rights were infringed by the subpoena, the complaint nevertheless fails to state a viable claim because the government had a compelling interest to request the documents.

"[W]hen a party makes a prima facie showing of First Amendment infringement, the government must show a compelling need to obtain the documents" and also "show that the

records sought bear a substantial relationship to this compelling interest." National Commodity and Barter Ass'n v. United States, 951 F.2d 1172, 1174 (10th Cir. 1991).  A good faith criminal investigation using a grand jury subpoena is a compelling government interest.  See id. Although plaintiff alleges a bad faith conspiracy on the part of the defendants to cast Renaissance in a bad light, plaintiff's complaint nevertheless makes quite clear the allegations that Renaissance and its business associates -- including plaintiff herself -- had filed false tax returns.  Amended Compl. at ¶ 55.  Accordingly, there was a justifiable reason to issue a grand jury subpoena to investigate the false returns.  Furthermore, plaintiff does not attack the propriety of the grand jury subpoena itself, and "the government's investigation of [improper financial transactions] constitutes a compelling interest." National Commodity, 951 F.2d at 1175.  The fact that the documents requested by the subpoena are alleged to be tax returns and related documents that allegedly contained false statements similar to false statements made in tax returns of other businesses allegedly linked to Renaissance demonstrates that there was a "substantial relationship between the subpoenaed records and [the government's] compelling interest in the criminal investigation." Id.  Accordingly, the complaint's allegation of a First Amendment theory fails.[4]

Regarding plaintiff's allegations that the individual plaintiffs violated the Fourth Amendment, the actions allegedly taken by the individual defendants were reasonable and

---

[4] Plaintiff's theory of a First Amendment violation is also internally inconsistent with the facts alleged in the complaint because it appears to be based upon the premise that plaintiff's "freedom of association to conduct lawful enterprise" should not be compromised.  However, the complaint itself alleges that plaintiff's business associates -- those with whom plaintiff allegedly wished to associate -- had filed false tax returns.  Amended Compl. at ¶ 54 (emphasis added). Accordingly, the facts alleged in the complaint contradict the premise of plaintiff's First Amendment claim that plaintiff wished to associate with businesses engaged in lawful enterprise.

constitutional.  In their official capacities either as agents of the IRS or federal attorneys, the

individual defendants are accused of investigating what plaintiff herself alleges to be false

statements made in tax returns by business associates of the plaintiff and by plaintiff herself.

The approach used by the defendants to obtain documents from the plaintiff was reasonable,

inasmuch as the plaintiff alleges that the defendants obtained her records by issuing a grand jury

subpoena, see Amended Compl. at ¶ 21, and then obtained permission from plaintiff's husband to

retain and photocopy them, see Amended Compl. at ¶¶ 22.  Plaintiff's allegations that

Ms. Krueger asked to meet with the taxpayer to review the accuracy of the return indicates only

that Ms. Krueger attempted to obtain permission from the taxpayer to review plaintiff's records,

and then had no further contact with plaintiff or her husband after cancelling an appointment to

meet with them.  See Amended Compl. at ¶ 12, 17-18.  Finally, although plaintiff alleges that the

defendants improperly held the subpoenaed documents, that is not a clear violation of plaintiff's

constitutional rights, particularly in light of the facts alleged in the complaint that plaintiff's

husband, the formerly named plaintiff in this case, rebuffed attempts to return the documents.

See Amended Compl. at ¶¶ 25-26.  In short, the complaint fails to allege defendant's conduct that

was a violation of any clearly established Fourth Amendment right, and further fails to

demonstrate a substantial correspondence between the conduct in question and prior law

establishing that the defendant's actions were clearly prohibited.  See Romero, 45 F.3d at 1475.

Therefore, the Court should dismiss Count II of plaintiff's complaint with respect to the alleged

Fourth Amendment allegations.

      Plaintiff's claims that her Fifth Amendment rights were violated when her business

records were subpoenaed and allegedly held until the documents could be returned to plaintiff

and she could be prosecuted with the documents in her possession.  Amended Compl. at ¶ 40.

Plaintiff also alleges that the subpoena was a bad faith attempt to gather evidence to prosecute

plaintiff after referral to the Department of Justice.  Amended Compl. at 41.  These allegations

simply makes no sense, and it is entirely unclear why plaintiff considers the return of documents

to be a violation of her Fifth Amendment rights, particularly when the complaint alleges that

defendants have not prosecuted plaintiff.  See Amended Compl. at ¶ 42.

Plaintiff's claim that defendants violated her Fifth Amendment rights by withholding

referral to the Department of Justice is also erroneous.  Plaintiff's claim appears to be based upon

the theory that plaintiff must be prosecuted immediately, if at all, once an agency has decided to

prosecute the plaintiff.  Essentially, plaintiff is alleging that the individual defendants violated

her Fifth Amendment rights by failing to prosecute her.  Plaintiff's allegation is without merit.

Prosecutors have broad discretion in making decisions about whether or not to prosecute.  Wayte

v. United States, 470 U.S. 598, 607 (1985).  Furthermore, plaintiff does not demonstrate how the

decision not to bring charges has harmed or could harm her.  Thus, there is no indication that any

judgment in her favor on this issue could afford her a benefit or relief of any kind.  Accordingly,

plaintiff states no claim upon which relief can be granted, and the claim should be dismissed.

Fed. R. Civ. P. 12(b)(6).  Finally, assuming that plaintiff was attempting to protect herself from

untimely prosecution, those rights would be protected by any statute of limitations applicable to

the particular offense that plaintiff might have committed and for which she might be prosecuted.

Furthermore, after indictment, information, or arrest, plaintiff would also be protected against

unduly dilatory prosecution by the Speedy Trial Act, 18 U.S.C. § 3161, et seq.  In short,

plaintiff's Fifth Amendment <u>Bivens</u> claim is unfounded and should be dismissed with respect to all of the individual defendants.

After having reviewed each of the alleged constitutional violations, if the Court construes plaintiff's complaint to have "pleaded sufficient facts to state a cause of action," plaintiff still bears the burden of overcoming the individual defendants' qualified immunity by demonstrating that "the law on which the plaintiff relies was clearly established at the time of the defendants' actions." <u>Currier</u>, 242 F.3d at 919, 923. "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." <u>Id.</u> (quoting <u>Medina</u> 960 F.2d at 1498). Although hampered by the vague and unusual nature of plaintiff's allegations, defendants have attempted to locate clearly established case law that would arguably support any of the plaintiff's alleged violations. These efforts have been unsuccessful. Thus, even if plaintiff were to satisfy the first requirement to overcome qualified immunity, it appears unlikely that plaintiff will be capable of satisfying the second. Therefore, the Court should dismiss Count II of plaintiff's complaint in its entirety.

### III. Plaintiff's Claims For Alleged Violations Of 26 U.S.C. § 7431 Should Be Dismissed

In Count III, plaintiff names United States of America, the Internal Revenue Service ("IRS"), IRS Special Agent Booker T. Leeks, IRS Revenue Agent Linda Krueger, Assistant United States Attorney Scott Rask, and former United States Attorney Jackie Williams as defendants for alleged violations of 26 U.S.C. § 7431.

Section 7431 provides a taxpayer a civil remedy for disclosures of a return or return information in violation of 26 U.S.C. § 6103. 26 U.S.C. § 7431. "If <u>any officer or employee</u> of

the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of section 6103, such taxpayer may bring a civil action for damages <u>against the United States</u> in a district court of the United States." <u>Id.</u> (emphasis added).  Section 6103(a) states:

> (a) General Rule. -- Returns and return information shall be confidential, and except as authorized by this title --
>
> > (1)  no officer or employee of the United States,
> >
> > * * *
>
> shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section.  For purposes of this subsection, <u>the term "officer or employee" includes a former officer or employee</u>.

26 U.S.C. § 6103(a) (emphasis added).

As the emphasized language in these statutes clearly demonstrates, when a taxpayer alleges that there were improper disclosures of her tax returns or tax return information by a government employee or a former government employee, the only appropriate defendant is the United States.  26 U.S.C. §§ 7431(a), 1603(a); <u>see</u> <u>Diamond v. United States</u>, 944 F.2d 431, 433, 435 (8th Cir. 1991) ("Section 7431(a)(1) vests a taxpayer with an action against the United States but not against the government agent personally"); <u>see</u> <u>also</u> <u>DeAndre v. United States</u>, 968 F.2d 1049, 1052 (10th Cir. 1992) (section 7431 permits suit against the United States for federal employee's or officer's violation of section 6103).

Plaintiff's complaint alleges that Mr. Leeks is a Special Agent of the IRS, Amended Compl. at ¶ 11, alleges that Linda Krueger is an Internal Revenue Agent of the IRS, Amended Compl. at ¶ 12; alleges that  Mr. Rask is an Assistant United States Attorney of the United States

Attorney's Office, Amended Compl. at ¶ 13; and alleges that Mr. Williams is a former United

States Attorney, Amended Compl. at ¶ 14.  Because all of these individual defendants are alleged

to be current or former federal employees, the Court should dismiss Count III of the complaint as

to each of the individuals.

The Court should also dismiss Count III of the complaint with respect to the IRS because,

as noted on the face of the statute, the United States is the only proper defendant.  See 26 U.S.C.

§§ 7431(a), 1603(a).

Count III of plaintiff's complaint should also be dismissed with respect to the United

States because plaintiff's complaint fails to adequately allege a recoverable claim for

unauthorized disclosure.  "In order for the Plaintiff to prevail under Section 7431(a)(1) he must

show by a preponderance of the evidence (1) that the disclosure was unauthorized, (2) that the

disclosure was made 'knowingly or by reason of negligence' and (3) that the disclosure was in

violation of Section 6103."  Flippo v. United States, 670 F. Supp. 638, 641 (W.D.N.C. 1987).

Plaintiff fails to state a claim for violation of section 7431 because the allegations in the

complaint demonstrate that there was no violation of section 6103.  In addition to the general

rule prohibiting disclosure of tax return information quoted above, section 6103 provides a

number of exceptions.  One exception provides that "[r]eturns and return information shall,

without written request, be open to inspection by or disclosure to officers and employees of the

Department of the Treasury whose official duties require such inspection or disclosure for tax

administration purposes."  26 U.S.C. § 6103(h)(1).  The term "tax administration" is broadly

defined to include "supervision of the execution and application of the internal revenue laws or

16

related statutes" and also "includes assessment, collection, enforcement, <u>litigation</u>" and other

functions.  26 U.S.C. § 6103(b)(4).

     Plaintiff's complaint alleges that Mr. Rask and Mr. Williams violated section 7431 when

they gave plaintiff's tax returns and business records to Mr. Leeks and other agents for

inspection.  However, the complaint also alleges that Mr. Leeks was assisting the United States

Attorney's Office in the investigation of Renaissance, and that plaintiff's husband was invited to

meet with Mr. Leeks to discuss Renaissance, after which Mr. Engel was served a grand jury

subpoena to produce the tax and business records.  Amended Compl. at ¶¶ 20-21.  The complaint

also alleges that plaintiff's husband gave consent for Mr. Rask to photocopy the documents.  <u>Id.</u>

at ¶ 22.  The complaint also alleges that access within the IRS was not unfettered, alleging that

even Ms. Krueger, an IRS agent, was not given direct access to the documents at the IRS.  <u>Id.</u> at

¶ 24.  Thus, according to the face of the complaint, Mr. Rask was given access to the tax returns

by consent, Mr. Leeks was working on a tax litigation matter.  Accordingly, plaintiff's complaint

that disclosure to Mr. Leeks was a violation of section 6103 fails because the allegations in the

complaint demonstrate that the section 6103(h) exception applies.

     To the extent that plaintiff alleges that documents were "browsed by revenue agents,"

plaintiff's complaint is insufficient to withstand a motion to dismiss pursuant to Rule 12(b).

"Mere allegations of a disclosure are insufficient to support a cause of action."  <u>Fostvedt v.</u>

<u>United States</u>, 824 F. Supp. 978, 985 (D. Colo. 1993).  In light of the complaint's allegations that

Mr. Leeks would not produce the tax returns to Ms. Krueger, another IRS Revenue Agent, and in

light of plaintiff's failure "to specify what information was revealed, to whom, and under what

circumstances," <u>id.</u> (citation omitted), plaintiff's allegations of disclosure to revenue agents other

17

than Mr. Leeks appears to be a fishing expedition attempting to find a cause of action not presently supportable.

**IV.     The Court Should Dismiss Count IV Because Plaintiff Failed To Adequately Plead RICO**

Count IV of plaintiff's complaint alleges, in broad and ambiguous terms, that Mr. Leeks, Mr. Rask, Mr. Williams, and Ms. Krueger violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68. Plaintiff alleges that the IRS and/or Mr. Williams gave information and consideration to Mr. Steelman so that Mr. Steelman would falsely list labor outlays on Schedule C of an unidentified tax return so that the IRS would, apparently automatically, flag the return for review. Amended Compl. at ¶¶ 48-57. The complaint alleges without any significant amount of detail that wire and mail fraud were committed. The complaint gives no details about how or when any alleged relationship was formed between Mr. Steelman and either Mr. Williams or unidentified persons from the IRS. There is no explanation of the purpose, extent, or structure provided that might attempt to define the "enterprise" that the complaint gratuitously alleges existed.

RICO "takes aim at 'racketeering activity,' which it defines as any act 'chargeable' under several generically described state criminal laws, any act 'indictable' under numerous specific federal criminal provisions, including mail and wire fraud, and any 'offense' involving bankruptcy or securities fraud or drug-related activities that is 'punishable' under federal law." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 481-82 (1985). Section 1961 defines the terms as used in the RICO act. 18 U.S.C. § 1961. Section 1962 defines the prohibited activities. 18 U.S.C. § 1962. Section 1964 provides a civil enforcement scheme, granting district courts "jurisdiction to prevent and restrain violations of section 1962." 18 U.S.C. § 1964.

18

"To survive a Rule 12(b)(6) motion, a civil RICO claim must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985); Robbins v. Wilkie, 300 F.3d 1208, 1210 (10th Cir. 2002); Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1362 (10th Cir. 1989). As shown below, the complaint is deficient because it fails to plead alleged predicate racketeering activity with particularity.

The default rule for pleading a complaint appears in Federal Rule of Civil Procedure 8, which requires "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

However, Rule 8 is not the exclusive rule governing pleading of the complaint in a case alleging RICO violations based upon predicate acts of alleged fraud. "Under Rule 9(b), plaintiffs must sufficiently allege each element of a RICO violation and its predicate acts of racketeering with particularity, a requirement justified by the 'threat of treble damages and injury to reputation.'" Farlow v. Peat, Marwick, Mitchell & Co., 956 F.2d 982, 989 (10th Cir. 1992) (quoting Cayman, 956 F.2d at 989); compare Robbins v. Wilkie, 300 F.3d 1208, 1211 (10th Cir. 2002) (sufficient to plead general factual allegations of injury per National Org. For Women, Inc. v. Scheidler, 510 U.S. 249 (1994), but continuing to recognize the "requirement to plead with particularity RICO acts predicated upon fraud pursuant to Rule 9(b)"). The "threat of treble damages and injury to reputation which attend RICO actions justify requiring plaintiff to frame its pleadings in such a way that will give the defendant, and the trial court, clear notice of the factual basis of the predicate acts." Cayman Exploring, 873 F.2d at 1362. The Court should

19

dismiss pleadings that inadequately allege RICO violations.  See Cayman Exploring, 873 F.2d at 1362.

Rule 9(b) states that in "all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  "More specifically, [the Tenth Circuit Court of Appeals] requires a complaint alleging fraud to 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"  Koch v. Koch Indus., 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting In re Edmonds, 924 F.2d 176, 180 (10th Cir. 1991)); Farlow, 956 F.2d at 987 (plaintiff alleging fraud must provide the "time, place, and content of an alleged false representation,'" quoting Wayne Inv. v. Gulf Oil Corp., 739 F.2d 11, 14 (1st Cir. 1984))..

Plaintiff's complaint fails to allege the "circumstances constituting fraud" with particularity.  Plaintiff's complaint alleges that "wire and mail communications were used by the enterprise to commit this act" of Mr. Steelman preparing a false tax return for plaintiff. Amended Compl. at ¶ 54.  However, the complaint fails to state which defendant made any particular communication, to whom the communication was made, whether a particular communication was made by mail or wire, when the communication was made, what was stated, what the intent of the communicant was, or what was incorrect about the statement.  "When plaintiff is dealing with more than one defendant, he or she is under a Rule 9(b) obligation to specify which defendant told which lie and under what circumstances."  Brooks v. Bank of Boulder, 891 F.Supp. 1469 (D. Colo. 1995); see also Koch, 203 F.3d at 1237.  Plaintiff failed to plead any of these details.

Plaintiff's failure to plead fraud with particularity is especially troubling in this case because the complaint fails to allege how any of the allegedly false communications is attributable to any of the named defendants. Indeed, the only false or fraudulent statements alleged by general reference in the complaint were made by Mr. Steelman, an individual who is not a defendant in this case. Amended Compl. at ¶ 54. Plaintiff, in a gratuitous, conclusory manner, alleges that Mr. Steelman acted "under the control and direction of the defendant's enterprise," but fails to identify who allegedly controlled or directed Mr. Steelman, or how or when that control or direction allegedly occurred. Amended Compl. at ¶ 54. Consequently, plaintiff entirely failed to link any predicate act to any of the individual defendants named in Count IV.

Indeed, the participation of some of the named defendants is, even according to the complaint itself, exceedingly slight. For example, Mr. Leeks and Mr. Rask are nowhere mentioned in connection with any alleged predicate act in Count IV. The only act allegedly undertaken by Linda Krueger was to respond to, what the complaint alleges to be, an automatic computer-generated "red flag" triggered by misstatements in a taxpayer's tax return. Amended Compl. at ¶¶ 51, 55. Then, after Ms. Krueger allegedly asked permission to meet with plaintiff to review the plaintiff's 1999 tax return, Amended Compl. at ¶ 12, plaintiff's husband explained to Ms. Krueger that he no longer had documents related to the 1999 tax return, and Ms. Krueger "has had no further contact with the Engels." Id. at ¶ 18. Finally, the complaint alleges that Mr. Williams somehow oversaw and coordinated with Mr. Steelman in "helping to cast Renaissance in the light of an illegitimate enterprise," Amended Compl. at ¶ 49, in order "to prosecute Renaissance, its founders and associates." Amended Compl. at ¶ 52. However, the complaint

21

does <u>not</u> allege that Mr. Williams was involved with Mr. Steelman in any way at the time that Mr. Steelman made allegedly false statements.

Indeed, when Count IV is stripped of its inflammatory tone, the complaint, ambiguous though it is, essentially boils down to allegations that Mr. Steelman made fraudulent statements involving wire and mail communications; the IRS had established procedures to identify and investigate potentially erroneous returns; those procedures were triggered by Mr. Steelman's fraudulent statements that caused plaintiff to file admittedly false returns; Mr. Steelman cooperated with the United States Attorney and IRS investigators who issued grand jury subpoenas to investigate Renaissance, its founders, and those that may have implemented the questionable or fraudulent tax reporting methods; and those investigations had an allegedly adverse impact upon plaintiff's business interests.[5]

In fact, the complaint actually alleges that the IRS and the United States Attorney's Office were "unwitting instruments of extortion and racketeering in furtherance of a common enterprise."  Amended Compl. ¶ 56.  The self-evident absurdity of an alleged conspiracy in which its participants are unwitting actors, coupled with the absence of adequately pled allegations of any predicate actions by any named defendant, demonstrates that plaintiff's RICO claim is not only inadequately pled, but fundamentally flawed.

Plaintiff's failure to allege all averments of fraud with particularity permits the Court to dismiss the complaint <u>with</u> prejudice.  <u>See</u> <u>Farlow</u>, 739 F.2d at 985.  Therefore, the Court should dismiss Count IV of plaintiff's complaint with prejudice pursuant to Rules 9(b) and 12(b)(6).

---

[5]  In outlining the allegations of the complaint, defendants restate the allegations, but do not admit them.

22

The probable explanation for plaintiff's vague and inadequately plead allegations of fraud and RICO violations appears in paragraph 9 of the complaint.  In paragraph 9, plaintiff admits that she "seeks relief because she continues to suffer as a result of defendants' illegal conduct against her while she investigated the basis for filing a civil complaint against the defendant conspirators for criminal felonies outside the scope of their office or authority in a conspiracy as a Racketeering Influenced Corrupt Organization and for violations of her civil rights and their violations of provisions of the Tax Code."  Amended Compl. at ¶ 9.  In other words, plaintiff effectively admits that her complaint was filed before she knew whether there was fraud or RICO violations.  Such an approach is improper.  "[A] plaintiff alleging fraud must know that his claim is when he files it . . . [a] complaint alleging fraud should be filed only after a wrong is reasonably believed to have occurred; it should seek to redress a wrong, not to find one."  Farlow, 956 F.3d at 990 (internal quotations and citations omitted).  Because Count IV is not well pled, and the complaint itself admits plaintiff still had to investigate the existence of fraud, RICO violations, civil rights violations, and violations of the IRS Code, Count IV of plaintiff's complaint should be dismissed.

## **CONCLUSION**

For the reasons outlined above, the Court should grant Defendants' Motion To Dismiss Plaintiff's Amended Complaint, and should dismiss all counts of the plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b).

Respectfully submitted,

ERIC F. MELGREN
United States Attorney

s/ DAVID D. ZIMMERMAN

DAVID D. ZIMMERMAN
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
N.C. S.Ct. No. 23486
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
E-mail:  David.Zimmerman@usdoj.gov
ELECTRONICALLY FILED
Attorneys for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, May 8, 2003, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

    None.

I further certify that on this date the foregoing document and the notice of electronic filing were mailed by first-class mail to the following non-CM/ECF participants:

    Bret D. Landrith
    605 W. Kansas
    Pittsburg, KS  66762

        Attorney for Plaintiff

                        <u>s/ DAVID D. ZIMMERMAN</u>
                        DAVID D. ZIMMERMAN
                        Assistant United States Attorney

25