IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DOLORES ENGEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | No. 02-2226-CM |
| **BOOKER T. LEEKS, SCOTT C. RASK,** | ) | |
| **JACKIE WILLIAMS,** | ) | |
| **LINDA KRUEGER,** | ) | |
| **UNITED STATES OF AMERICA, and** | ) | |
| **INTERNAL REVENUE SERVICE,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this action against defendants alleging violations of Section 1203 of the Internal Revenue Service Restructuring and Reform Act of 1998 based on violations of 42 U.S.C. §§ 1983, 1985, 1986, and state conversion laws; the First, Fourth, and Fifth Amendments; 26 U.S.C. § 7431; and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68. This matter is before the court on defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 27).

**I.   Background**

Plaintiff and her husband, Edward Engel,[1] were members of Renaissance – a Topeka, Kansas, corporation that instructed members on creating and documenting home-based business and self-employment expenses and that was investigated by federal authorities for its role in promoting fraudulent income tax returns. On November 15, 2000, defendant Booker T. Leeks, a special agent of defendant

---

[1] Mr. Engel, the original plaintiff in this case, is now deceased.

Internal Revenue Service ("IRS"), contacted Mr. Engel by mail requesting a meeting to discuss Mr. Engel's dealings with Renaissance. Mr. Engel was later subpoenaed to testify before a federal grand jury on January 31, 2001, and to produce personal tax-related documents. Following his testimony, Mr. Engel agreed to loan four boxes of personal records to defendant Scott C. Rask, Assistant United States Attorney, whom plaintiff alleges agreed to return the documents after photocopying them. Plaintiff alleges that the documents were taken to an IRS office in Mission, Kansas, where they were kept in a "secure room" and reviewed by "[a] revenue agent." (Am. Compl. ¶ 23.) Plaintiff alleges that, over the course of the next year, Mr. Rask and defendant Jackie Williams, who was a United States Attorney at the time, refused repeated requests by Mr. Engel to return the documents.

On March 21, 2002, defendant Linda Krueger, a revenue agent of defendant IRS, mailed a letter to Mr. and Mrs. Engel to schedule an audit on April 10, 2002, of the Engels' 1999 federal income tax return. On March 28, 2002, Mr. Engel met with Ms. Krueger at her office and informed her that he had given the relevant tax records to Mr. Rask after his grand jury testimony in January 2001. Ms. Krueger canceled the audit appointment and had no further contact with Mr. or Mrs. Engel.

Plaintiff alleges that, after meeting with Mr. Engel, Ms. Krueger called Mr. Leeks to obtain access to the Engels' records. Mr. Leeks told Ms. Krueger that he could not grant her access to the records but that he would seek approval from Mr. Rask to return the documents to Mr. and Mrs. Engel. With Mr. Rask's consent, Mr. Leeks attempted to contact Mr. Engel by telephone in early April 2002, but was unsuccessful. On May 13, 2002, Mr. Leeks and another IRS agent returned the documents to Mr. Engel at his residence, though Mr. Engel objected, stating "I don't want them. You probably tampered with them or something." (Am. Compl. ¶ 26.)

## II.      Legal Standard

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher*, 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff, *Witt v. Roadway Express*, 136 F.3d 1424, 1428 (10th Cir. 1998). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984).

## III.     Analysis

### A.      Count I - Section 1203 Claim

Plaintiff's first claim alleges defendants Mr. Leeks and Ms. Krueger violated several federal statutes and state conversion laws in the course of their enforcement actions as IRS agents. Plaintiff seeks relief for the alleged violations under Section 1203 of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, 112 Stat. 685 (1998) (now codified as a note to 26 U.S.C. § 7804). Section 1203 directs the IRS Commissioner to terminate or take other personnel action against employees who abuse their authority as outlined in subsection (b). *Id.* "Any determination of the Commissioner of Internal Revenue under this subsection may not be appealed in any administrative or judicial proceeding." *Id.* Section 1203 does not provide a private right of action for money damages or injunctive relief. *Valladares*

*v. Internal Revenue Serv.*, No. CV-F-00-4041-AWI/SMS, 2001 WL 670629, at *7 (E.D. Calif. May 2, 2001). Because Section 1203 bars judicial review of actions taken under it, and because plaintiff lacks standing to bring a claim for relief under Section 1203, the court dismisses Count I, plaintiff's Section 1203 claim.

**B.      Count II - *Bivens* Claim**

Plaintiff's second claim alleges that the individual defendants (Mr. Leeks, Mr. Rask, Mr. Williams, and Ms. Krueger) violated plaintiff's First, Fourth, and Fifth Amendment rights as part of the federal agencies' investigation of Renaissance using plaintiff's business records.

Plaintiff brings her claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, which provides a cause of action in some cases of constitutional violations by federal agents and employees. 403 U.S. 388 (1971). However, "when an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." *Weaver v. U.S.*, 98 F.3d 518, 520 (10th Cir. 1996) (quoting *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989)). "There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity." *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001). While plaintiff maintains Count II against the individual defendants, she argues elsewhere in her amended complaint that the individuals were acting "within the scope of their employment" as officers of the federal government. (Am. Compl. ¶ 16.) The court finds that, based on its examination of the facts as plaintiff has set them forth in her amended complaint, the allegations in Count II relate to defendants' conduct in their official capacity as federal agents and employees during an ongoing criminal investigation.

-4-

Where actions charge federal officials for wrongdoing while acting in their official capacity, the charges operate as claims against the United States and not the individual defendants. *See, e.g.*, *id.* (barring a prisoner's action against the warden and prison psychologist who were acting in their official capacities). The United States is immune to suit unless sovereign immunity has been waived. *Atkinson*, 867 F.2d at 590. The United States has not waived its sovereign immunity for constitutional torts. *See Bivens*, 403 U.S. at 410. Thus, the doctrine of sovereign immunity bars plaintiff's claim against the United States. Count II is therefore dismissed.[2]

## C.    Count III

Plaintiff brings Count III against all six named defendants for allegedly disclosing her tax return information in violation of 26 U.S.C. § 7431. Plaintiff alleges that defendants Mr. Rask and Mr. Williams allowed her tax returns to be reviewed by IRS agents, including Mr. Leeks, without plaintiff's authorization. Plaintiff does not allege that Ms. Krueger reviewed the tax returns.

Section 7431 provides that a taxpayer "may bring a civil action for damages *against the United States*" for inspection or disclosure of return information by any government employee in violation of 26 U.S.C. § 6103. 26 U.S.C. § 7431 (2000) (emphasis added). Defendants Ms. Krueger, Mr. Leeks, Mr.

---

[2]Even if plaintiff had asserted claims against defendants in their individual capacities, this court does not believe plaintiff's constitutional claims overcome the individual defendants' claim that they are entitled to qualified immunity protection. "Once a defendant raises the defense of qualified immunity in the context of a motion to dismiss, a court must first determine whether the plaintiff has asserted a violation of federal law." *Currier v. Doran*, 242 F.3d 905, 917 (10th Cir. 2001). Plaintiff's amended complaint is vague and conclusory, and it does not adequately support allegations of constitutional violations.

-5-

Rask, and Mr. Williams[3] are government employees and are not appropriate defendants under Section 7431.  Defendants' motion to dismiss Count III is granted with respect to these defendants.

Plaintiff also names defendant Internal Revenue Service in Count III.  As discussed above, the United States is the only available defendant under Section 7431.  Accordingly, Count III against the Internal Revenue Service is dismissed.

Plaintiff's claim, as against the United States, alleges that Mr. Rask and Mr. Williams, on behalf of the U.S. Department of Justice, disclosed plaintiff's tax information to Mr. Leeks and the IRS.  Plaintiff's pleadings acknowledge that Mr. Leeks was assisting the Department of Justice with the Renaissance investigation.  (Am. Compl. ¶ 20.)  Plaintiff alleges her records were "browsed" by "several revenue agents."  (Am. Compl. ¶ 46.)   The applicable statute provides that "[r]eturns and return information shall, without written request, be open to inspection by or disclosure to officers and employees of the Department of the Treasury whose official duties require such inspection or disclosure for tax administration purposes." 26 U.S.C. § 6103(h).  "The term 'tax administration' means the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws . . . [and] includes assessment, collection, enforcement, [and] litigation."  *Id*. § 6103(b)(4).  Plaintiff's allegations establish only that her records were reviewed as part of "tax administration."  She has not stated a claim for which relief can be granted under 26 U.S.C. § 7431.  Therefore, Count III against the United States is dismissed.

---

[3]Section 6103(a) includes former government officers and employees in its definition of "officer or employee."  26 U.S.C. § 6103(a) (2000).  Mr. Williams, as a former government employee, is thus included in this definition and not subject to suit under Section 7431.

**D.     Count IV**

Plaintiff's final claim is that Ms. Krueger, Mr. Leeks, Mr. Rask, and Mr. Williams were co-conspirators in a plan to use the IRS to extort plaintiff and others engaged in "multilevel marketing of self-help tax preparation materials." (Am. Compl. ¶ 56-57.) Plaintiff claims that the IRS and/or Mr. Williams gave information and consideration to Thomas W. Steelman Sr. in exchange for Mr. Steelman's listing false information on plaintiff's tax returns (thus causing the returns to be "flagged" for IRS audits). (Am. Compl. ¶¶ 49, 51.) Plaintiff alleges wire and mail fraud violations under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1968-68.

To successfully state a RICO claim, a plaintiff must allege four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). The Federal Rules of Civil Procedure establish a heightened pleading standard for "averments of fraud or mistake." Fed. R. Civ. P. 9(b). The circumstances concerning this fraud or mistake must be pleaded with particularity. *Id.* This rule applies to RICO charges and is justified by the "threat of treble damages and injury to reputation which attend RICO actions." *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989).

Plaintiff's amended complaint falls far short of the heightened standard required by Rule 9(b). Plaintiff does not plead any facts supporting her allegation that Mr. Williams provided information and consideration to Mr. Steelman (who is not even named as a defendant in this action) in exchange for his allegedly false statements to the IRS. Plaintiff mentions Ms. Krueger only once – alleging that she participated in the conspiracy by attempting to conduct audits on behalf of the IRS – but provides no other information to support her claim against Ms. Krueger. Plaintiff does not even mention the remaining

-7-

defendants in Count IV by name, save her conclusory assertion that defendants were "unwitting instruments of extortion and racketeering in furtherance of a common enterprise." (Am. Compl. ¶ 56.)  Indeed, as defendants point out, it would be quite difficult for defendants to "unwittingly" participate in a conspiracy. Because plaintiff has not pled with particularity facts sufficient to support the predicate acts of mail and wire fraud upon which her fraud-based RICO claim is based, the court grants defendants' motion to dismiss Count IV.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 27) is granted.

Dated this 30th day of March 2004, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Court Judge**